RICHARD DAVIS & al. versus ELIZA ANN GREENE, Adm'x.

When a nonsuit is ordered, all the testimony is regarded as credible, and the facts stated in the testimony as proved. And when there is no longer any dispute respecting the facts; whether a party is entitled to recover upon such a state of facts, is a question of law; and as clearly so as it would be upon a special verdict finding the facts.

THIS was an action of assumpsit for money had and received, brought against the estate of Roscoe G. Greene deceased. The evidence to support the claim consisted of a writing of which the following is a copy. "Whereas Richard Davis of Bridgton and Isaac Dyer of Baldwin, have assigned to me a bond of certain lots of land bonded to them by Thomas Hammond, Charles Merrill and John Leighton. Now therefore in consideration of said assignment, I agree to pay said Davis and Dyer one half of all that I shall sell said lots for in advance of eight dollars per acre, but in no event am I to sell said land without allowing and paying the said Davis and Dyer, as their portion of the profits, the sum of one thousand dollars. And said land was bonded to said Davis and Dyer by bond dated July 8, A. D. 1835.

"Portland, July 11, 1835.

"R. G. Greene."

Several witnesses were examined, called by the plaintiffs, whose testimony is sufficiently stated in the opinion of the Court.

After the plaintiffs had introduced all their proof, WHITMAN C. J. presiding at the trial, ruled that it was insufficient to sustain the action, and directed a nonsuit, which was to be taken off, if the action could be supported.

F. O. J. Smith, for the plaintiffs, argued, that no question of law was involved in the case; but if there was, these rules should be observed.

The Court is required to give a construction to a written contract, that will approach as near as may be to the understanding of the parties to it. Brinley v. Tibbets, 7 Greenl. 72.

The proof is, that Greene sold to Huntington, and the presumption of law is, that he did not sell for a less sum than that stipulated in the bond. *Linscott* v. *Mc'Intire,* 15 Maine R. 201.

This was a question of fact to be decided by the jury, and the nonsuit should be taken off, and the case should stand for trial for that cause. 17 Maine R. 37 ; 18 Maine R. 280 ; 17 Mass. R. 257 ; 8 Mass. R. 336 ; 3 Greenl. 99.

*Fessenden & Deblois* and *Haines,* for the defendant, contended, that there was· no such sale as is provided for in the agreement, and on which sale alone Greene was to account for any thing to the plaintiffs. He derived no benefit, and was not bound to pay any thing. 8 Mass. R. 214 ; 3 Fairf. 429 ; 19 Maine R. 394.

The opinion of the Court was drawn up by

SHEPLEY J. — By the contract the intestate agreed to pay to the plaintiffs one half of what he might obtain by the sale of certain lots of land, over eight dollars an acre ; and not to sell the land without paying them, as their proportion of the profits, one thousand dollars. The plaintiffs, to establish their claim, must prove, that he sold the land, or their right to have a conveyance of it by virtue of the bond, which was assigned. The testimony introduced does not furnish any such proof. All which the testimony shows that the intestate did or said respecting it, was to inform the owners of the land, that he and Smith had an assignment of the bond, that they had sent men on to examine the land, and had found, that there was not so much timber on it as had been supposed ; and that they introduced Huntington, stating, that he would give a less price for the land than that named in the bond. The witness states, that the owners saw no more of them, and proceeded to bargain with Huntington, that he presumes he had not an assignment of the bond, that he never saw it in his hands, and has no recollection, that it was surrendered to them, when they conveyed the land. The intestate could not be affected by the conclusion of the witness, that the contract with Huntington

Davis *v.* Greene.

was a continuation of the original bargain. He could be affected only by his own acts or declarations. It is contended, that there was testimony tending to prove a sale by the intestate, and that this, being a question of fact only, should have been submitted to the decision of a jury. When a nonsuit is ordered, all the testimony is regarded as credible, and the facts stated in the testimony as proved. And when there is no longer any dispute respecting the facts; whether a party is entitled to recover upon such a state of facts, is a question of law; and as clearly so, as it would be upon a special verdict finding the facts. It is not necessary to consider the other point made in the defence.

*Nonsuit confirmed.*